Priority  
Send  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

FILED
CLERK, U S DISTRICT COURT
AUG 28 2001
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORPHAG RESEARCH, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LARRY GARCIA D/B/A HEALTHIERLIFE.COM, <br><br> Defendant <br><br> LARRY GARCIA, <br><br> Counter-Claimant, <br><br> v. <br><br> HORPHAG RESEARCH, LTD., <br><br> Counter-Defendant. | Case No.: EDCV 00-372-VAP (EEx) <br><br> Assigned to Hon Virginia A. Phillips |

[PROPOSED] JUDGMENT

- 1 -

ENTER ON ICMS
AUG 29 2001

(251)

1   This matter having come before the Court for a jury trial, the Honorable Judge Virginia A
2   Phillips presiding, and the trial having taken place and completed from July 24 through July 27,
3   2001; and
4   **THIS COURT HAVING FULLY CONSIDERED** all the admitted exhibits, the testimony
5   of the witnesses at trial and the arguments of the parties; and
6   **THIS COURT HAVING GRANTED** Plaintiff Horphag Research Ltd.'s ("Horphag")
7   Motions for Judgment as a Matter of Law pursuant to Fed. R. Civ P 50;
8   **IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:**
9   1. This Court has jurisdiction over the parties to this action and jurisdiction over the
10  subject matter of this action pursuant to 28 U.S.C. §§ 1331; 1332, 1338; and 15 U S.C. § 1114, 1121
11  and 1125 *et seq* ; and
12  ON PLAINTIFF'S FIRST ~~CAUSE OF ACTION~~ CLAIM       *vap*
13  2. The Court finds that as to Horphag's first claim for trademark infringement pursuant
14  to 15 U.S.C § 1114, defendant has infringed Horphag's U.S registered trademark
15  PYCNOGENOL®. This infringement resulted from defendant's use of the word PYCNOGENOL,
16  which is identical to Horphag's registered U.S. trademark PYCNOGENOL®, as metatags on Internet
17  websites owned, operated, managed and/or otherwise affiliated with defendant. Through these
18  websites defendant provides information about nutritional supplements and/or offers for sale a
19  competing LifePlus dietary and nutritional supplement product variously identified as
20  MASQUELIER'S, MASQUELIER'S® OPC's or PROANTHENOLS WITH MASQUELIER'S
21  OPC's, all with the intention of diverting those seeking PYCNOGENOL® to its websites. The
22  foregoing gives rise to and constitutes "initial interest confusion" among Internet users searching the
23  term PYCNOGENOL, as such users are unwittingly diverted by defendant Larry Garcia's metatags
24  to his websites whose HTML code contains one or more metatags identical to, similar to, or
25  including PYCNOGENOL® (i.e , PYCNOGENOLS or PYCNOGENOL) ;
26  3. Defendant, his agents, servants, employees and attorneys, and all those persons in
27  active concert or in participation with defendant who receive notice of this **JUDGMENT** by
28

1  personal service, or otherwise, (collectively "GARCIA") are hereby **PERMANENTLY**
2  **ENJOINED AS OF THE DATE OF ENTRY OF THIS JUDGMENT** from using and/or
3  exploiting, in any way the trademark PYCNOGENOL® or any other colorable variation thereof as
4  metatags on any of GARCIA'S websites; and

<u>ON PLAINTIFF'S SECOND ~~CAUSE OF ACTION~~ CLAIM</u>

6      4  As to Plaintiff's second claim for trademark dilution pursuant to 15 U.S.C 1125(c),
this Court finds that defendant has unlawfully diluted Horphag's registered U.S trademark PYCNOGENOL®. This Court further finds that Horphag's registered U.S PYCNOGENOL® trademark is a famous trademark within the nutritional supplement field. Defendant has made ubiquitous and pervasive commercial use of Horphag's registered U.S trademark PYCNOGENOL® on defendant's websites that provide information about nutritional supplements and/or offer for sale other products that do not contain Horphag's PYCNOGENOL® product. This Court further finds that such uses included deliberate and calculated attempts to confuse defendant's product with Horphag's PYCNOGENOL® product. These ubiquitous and pervasive uses commenced after the PYCNOGENOL® trademark became famous, and have diluted the distinctive quality of Horphag's registered U.S. trademark PYCNOGENOL® by diminishing the capacity of the trademark to identify and distinguish Horphag's goods from those of another; and

    5  **AS OF THE DATE OF ENTRY OF THIS JUDGMENT**, all uses of the trademark PYCNOGENOL® by Garcia, not in a quoted text, must contain the "®" symbol followed by the LEGEND.

> "PYCNOGENOL® is a registered U.S trademark of Horphag Research Limited. This website is not authorized to sell, market or distribute Horphag's PYCNOGENOL® product. If the reader desires to obtain Horphag's PYCNOGENOL® product, the reader should go to Horphag's website at www.pycnogenol.com (the "ACKNOWLEDGMENT")";

    6  **AS OF THE DATE OF ENTRY OF THIS JUDGMENT GARCIA IS PERMANENTLY ENJOINED** from:

    (i)  Further diluting Horphag's registered U.S. trademark PYCNOGENOL®;

    (ii)  Further making ubiquitous and pervasive commercial use of Horphag's

|   |   |   |
|---|---|---|
| 1 |   | registered U.S trademark PYCNOGENOL® on any of GARCIA's websites |
| 2 |   | and in particular from using PYCNOGENOL® or colorable variations thereof |
| 3 |   | more than twice on any page of any website he owns, uses or controls, and |
| 4 |   | PYCNOGENOL® may not appear more than 8 times in any such website |
| 5 |   | This use permitted herein is exclusive of the ACKNOWLEDGMENT and |
| 6 |   | LEGEND of Sections 5 and 7(iii); |
| 7 | (iii) | Using the words PYCNOGENOL®, PYCNOGENOLS or any colorable |
| 8 |   | variation thereof in, or as part of a domain name, and/or for any purposes |
| 9 |   | other than to identify Horphag's PYCNOGENOL® product solely for |
| 10 |   | comparative commercial advertising All such uses shall contain a reference |
| 11 |   | to the ACKNOWLEDGMENT; |
| 12 | (iv) | Excerpting, other than by direct quotes, any articles or other studies or |
| 13 |   | literature related to Horphag's PYCNOGENOL® product, including, but not |
| 14 |   | limited to, articles or information by Dr Richard A Passwater, Dr. Steven |
| 15 |   | Lamm, Professor Peter Rohdewald; Dr Ronald R Watson; Dr. David F |
| 16 |   | Fitzpatric and/or information contained in U S. Patent Nos. 5,720,956 and |
| 17 |   | 5,719,178 applying to Horphag's PYCNOGENOL® trademark, which will |
| 18 |   | dilute the distinctive quality of Horphag's PYCNOGENOL® trademark All |
| 19 |   | such uses shall contain 1) a reference to the article or patent, 2) a statement |
| 20 |   | that the research or subject matter of the work pertains to Horphag's |
| 21 |   | PYCNOGENOL® product, and 3) a reference to the ACKNOWLEDGMENT; |
| 22 |   | and |
| 23 | (v) | Misquoting in any manner any materials discussing PYCNOGENOL® or |
| 24 |   | Horphag's PYCNOGENOL® product |

7. **AS OF THE DATE OF THIS JUDGMENT:**

  (i) GARCIA'S use of the formatives PYCNOGENOL®, PYCNOGENOLS or any colorable variation thereof, shall be strictly limited for the purpose of

- 4 -

identifying Horphag's PYCNOGENOL® product, and each time such use is made, there shall be an asterisk (*) referring to the ACKNOWLEDGMENT. Such ACKNOWLEDGMENT, however, shall appear in full on each page of any website or other printed material upon the first use of any of the formatives PYCNOGENOL®, PYCNOGENOLS or any colorable variations thereof;

(ii) GARCIA, shall remove all statements or phrases that state or otherwise suggest that there is confusion about the trademark PYCNOGENOL® and/or that there is confusion about Horphag's PYCNOGENOL® product;

(iii) GARCIA shall engage in corrective advertising sufficient to rectify the dilution of Horphag's registered U.S trademark by prominently displaying, in a distinctive color, in large print, the following LEGEND on the first page of defendant's websites for a period of six (6) months beginning on the date of entry of this **JUDGMENT**.

> Horphag is the owner of all right, title and interest in the U.S. registration for the trademark PYCNOGENOL®. Horphag's PYCNOGENOL® product is not affiliated with Masquelier's and we are not authorized to sell or distribute Horphag's PYCNOGENOL® product. All representations made to date, that suggest Horphag was creating confusion in the market place for PYCNOGENOL® product were incorrect and are hereby rescinded.

8. **WITHIN FIVE (5) DAYS FROM THE DATE OF ENTRY OF THIS JUDGMENT:**

(i) Defendant shall transmit via e-mail or fax and also send via certified mail, return receipt requested, postage pre-paid, a copy of this **JUDGMENT**, and a copy of a letter identical to Exhibit A, attached hereto, to any and all persons or entities including, but not limited to, Life Plus and all those in privity with defendant, and all others who are downline from GARCIA, i.e., an affiliate or related entity who has adopted a portion of defendant's websites, or who have websites that incorporate, in any part, defendant's websites or have been

- 5 -

assisted, directly or indirectly, by defendant with building ~~and~~/or maintaining their websites;

    (ii) Defendant shall send to Horphag's counsel, an affidavit or declaration pursuant to 28 U.S.C. §1746, containing with respect to each and every person ~~and~~/or entity who is ~~downline of defendant~~ covered under the terms of paragraph (i) above:

        (a) The identification of the ~~downline~~ person or entity;

        (b) The business address and telephone number of each such ~~downline~~ person ~~and~~/or entity; and

        (c) The name(s) of the website address(es) of each such ~~downline~~ person ~~and~~/or entity, including the identification of any metatag(s) used therein;

    (iii) Defendant shall shut down all websites in violation of this **JUDGMENT** and not resume their operation until the same have been modified in accordance with this **JUDGMENT**.

9. **WITHIN FOURTEEN (14) DAYS OF THE ENTRY OF THIS JUDGMENT** defendant shall serve and provide to Horphag's counsel, a duly executed affidavit or declaration pursuant to 28 U.S.C. §1746 averring that he has complied completely with all terms of this **JUDGMENT** and specifying in detail how he has complied with each injunctive and mandate as set forth herein; and

~~10. **WITHIN TWENTY-ONE (21) DAYS OF THE ENTRY OF THIS JUDGMENT** and thereafter on a monthly basis defendant shall provide Horphag with copies of all correspondence generated and/or received as a requirement of this **JUDGMENT**.~~

### AS TO DEFENDANT'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

11. All Counterclaims and affirmative defenses of defendant are hereby dismissed with prejudice because there is no legally sufficient basis for finding that defendants counterclaims and affirmative defense have any merit; and

///

## GENERAL PROVISIONS

12. Pursuant to Fed. R. Civ. P 54(d)(1) costs, other than Attorneys Fees, are hereby awarded to Horphag; such costs may be taxed on defendant on one day's notice to the Clerk of the Court; and

13. This Court shall retain jurisdiction of this matter to enforce compliance with this Judgment to the extent necessary; and

14. Plaintiff's having advised the Court that it intends to file an application with the Court, for a judgment for attorneys fees pursuant to Fed. R. Civ P 54, this **JUDGMENT** may be amended in accordance thereof and to the extent necessary to allow and provide for same.

Dated: August 28, 2001
Riverside, California

Honorable Virginia A. Phillips
United States District Court Judge

Submitted by:

Robert F. Helfing, Esq.
Sedgwick, Detert, Moran & Arnold
801 S. Figueroa St., 18th Floor
Los Angeles, CA 90017-5556
(213) 426-6900

Marvin S Gittes, Esq.
Peter T. Cobrin, Esq.
Clyde A. Shuman, Esq.
Cobrin & Gittes
750 Lexington Ave 21st Floor
New York, NY 10022
(212) 486-4000

*Attorneys for Plaintiff
Horphag Research Ltd*

-7-

## EXHIBIT A

Certified Mail Return Receipt Requested

[Garcia to fill-in name of website registration]
Address and Date

      Re:    **Horphag Research Ltd. v. Larry Garcia,**
              **EDCV 00-372 (VAP) (EEx)**
              **Judgment and Injunction Issued by the United States**
              <u>**District Court for the Central District of California**</u>

Dear [Garcia to fill-in name of website registration]

      I am writing this letter pursuant to the Judgment of the United States District Court for the Central District of California (the "California Court"), in the litigation entitled Horphag Research, Ltd v. Larry Garcia D/B/A Healthierlife.com, EDCV 00-732 VAP (EEx) ("the Judgment"). A copy of the Judgment is annexed hereto

      In accordance with the Judgment, I am no longer allowed to grant authorization to use as detailed in the Judgment, my websites as they contain material found to be offensive and illegal by the California Court  I am permanently enjoined from disseminating this material. Accordingly, as of the date of entry of the Judgment, my prior authorization for you to use these materials from my website is hereby revoked. Please contact me if you are interested in adopting portions of my websites which have been changed to conform with the Judgment

      Please confirm in writing within seven (7) days that [Downline Party] has fully complied with same

                                  Very truly yours,

                                  Larry Garcia

C:\EMAIL\HORPHAG\EXHIBI~1 WPD

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold, 801 South Figueroa Street, 18th Floor, Los Angeles, California 90017-5556. On **August 1, 2001**, I served the within documents:

**[PROPOSED] JUDGMENT**

[x] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5 00 p m

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below

[ ] by personally delivering the document(s) listed above to the person(s) set forth below.

[ ] by overnight courier of the document(s) listed above to the person(s) at the address(es) set forth below

Larry Garcia
806 Avenida Pico, Ste I-317
San Clemente, CA 92673
Fax (949) 498-0451
*Defendant, In Pro Per*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 1, 2001**, at Los Angeles, California

*Debora L. Sanfelippo*
Debora L Sanfelippo

SDLA4/2833