**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 00-00372-VAP (EEx)                    Date: September 14, 2001

Title:   HORPHAG RESEARCH LTD. -v- LARRY GARCIA dba Healthierlife.Com; MARIO PELLEGRINI dba Healthdiscovery.Com; LARRY GARCIA dba Healthierlife Com [counter-claimant] v. HORPHAG RESEARCH LTD. [counter-defendant]

===================================================================

PRESENT   HONORABLE VIRGINIA A. PHILLIPS, U.S DISTRICT JUDGE

Rachel Ingram                                                None Present
Courtroom Deputy                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS.          ATTORNEYS PRESENT FOR DEFENDANTS:

None                                                            None

PROCEEDINGS.   ORDER (1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR SANCTIONS

The Court has received and considered all papers filed in support of Defendant's Motion for Reconsideration   The Motion is appropriate for resolution without oral argument. <u>See</u> Fed. R  Civ. P  78, Local Rule 7   After reviewing and considering all papers filed in support of and in opposition to Defendant's Motion, the Court DENIES the Motion

## I. BACKGROUND & PROCEEDINGS

This trademark action was tried on July 24-27, 2001.  After both sides had rested their cases, the Court granted Plaintiff's Motion for Judgment as a Matter of Law on July 27, 2001 and entered judgment in Plaintiff's favor on August 28, 2001.  Defendant now asks the Court to reconsider the judgment under Federal Rule of Civil Procedure 59(e)

Defendant filed his Motion for Reconsideration on August 15, 2001, along with supporting documents   Plaintiff filed its Opposition on August 27, 2001, along with its request for sanctions and supporting documents.  Defendant filed his Reply on August 31, 2001.
// // //
// // //
// // //

MINUTES FORM 90
CIVIL -- GEN



ENTER ON ICMS
Page 1
SEP 18 2001

Initials of Deputy Clerk RI

(257)

## II. DISCUSSION

### A. Legal Standard

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). <u>School Dist. No 1J, Multnomah County, Or v ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

The same standard applies to motions under both Rule 59(e)[1] and Rule 60(b). <u>Barber v. State of Hawai'i</u>, 42 F 3d 1185, 1995 (9th Cir. 1994). Federal Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding.[2] Motions brought under this rule require the court to balance the interest in finality of judgments with the interests of justice. See <u>Rodgers v. Watt</u>, 722 F 2d 456, 459 (9th Cir. 1983) (stating Rule 60(b) ought to be construed "to achieve the just determination in every action") Motions brought under Rule 60(b), therefore, are within the sound discretion of the district court. See <u>Thompson v. Housing Authority of the City of Los Angeles</u>, 782 F 2d 829, 832 (9th Cir. 1986), <u>cert. denied</u>, 479 U S. 829, 107 S Ct. 112, 93 L. Ed 2d 60 (1986), <u>Martella v. Marine Cooks & Stewards Union</u>, 448 F.2d 729, 730 (9th Cir 1971), <u>cert denied</u>, 405 U.S. 974, 92 S Ct. 1191, 31 L. Ed. 2d 248 (1972)

The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. <u>See</u> Fed. R. Civ Proc. 60(b).

In addition, Local Rule 7.16 states that a Motion for Reconsideration of any decision: "may be made only in light of (1) a material difference in fact or law that could not have been known with an exercise of reasonable diligence at the time of the court's original decision, (2) the emergence of new material facts or a change in the law after the original decision was rendered, (3) a manifest showing or failure to consider material facts presented to the court before its original decision.

U S. Dist. Ct for the Central District Local Rule 7 16.

---

[1] FRCP 59(e) provides: Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

[2] FRCP 60(b) provides:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;  . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged , or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment

## B. Application

As a threshold matter, Defendant's Motion is timely. A party must file a Rule 59(e) motion within ten days after entry of judgment. Fed. R. Civ. Proc. 59(e). Here, although Defendant filed his Motion for Reconsideration before the entry of judgment, it nevertheless is timely. See Agostino v. Ellamar Packing Co., 191 F.2d 576 (9th Cir. 1951) (motion made before entry of judgment construed as a motion for reconsideration).

The Court turns to the merits of Defendant's Motion. Defendant claims that during trial, Plaintiff deceived the Court as to the nature of his websites and their use of the term "Pycnogenol." (Defendant's Motion for Reconsideration ("Def.'s Mot.") at 7.) He argues that his use of the term "Pycnogenol" constitutes "fair use" of Plaintiff's trademark, an affirmative defense for trademark claims. Id. at 14; New Kids on the Block v. News Am. Publ'g, Inc., 971 F.2d 302, 308 (9th Cir. 1991).

At trial, Defendant did not raise the argument that Plaintiff deceived the Court. Defenses not raised or argued at trial ordinarily are waived by the parties failing to raise them. Cunningham v. Healthco, Inc., 824 F.2d 1448, 1458 (5th Cir. 1987). Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could have been made before the judgment issued. Furthermore, they cannot be used to argue a case under a new legal theory. Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986).

Here, Defendant uses a new argument in an attempt to re-argue his fair use affirmative defense although he was given an adequate opportunity at trial to present his case. He claims that Plaintiff "thwarted" his ability to present his defense, further, he claims that Plaintiff "confused and deceived" the Court. (Def.'s Mot. at 8.)

The crux of Defendant's argument is that the Court failed to note the distinction between his commercial websites using Pycnogenol in a "trademark" manner and his non-commercial websites using Pycnogenol in solely a descriptive manner. (Def.'s Mot. at 15-16.)

Defendant fails to demonstrate a basis for reconsideration of the judgment. He does not identify material differences in fact or law from that presented during trial. He also does not contend that new material facts emerged or the law changed after trial.

Finally, Defendant does not establish a manifest showing of this Court's failure to consider material facts to it before granting Plaintiff's Motion. In fact, Defendant presented evidence at trial of the websites he now attempts to distinguish from "commercial" websites using the term "Pycnogenol" in a "trademark" manner. For example, Ferrari, Cook, and Garcia testified as to the healthierlife.com, pycnogenolinfo.com, and pyc.com websites.

Defendant thus has failed to establish any acceptable basis for reconsideration of this Court's ruling. Accordingly, the Court DENIES his Motion.

### III. SANCTIONS

Plaintiff asks for sanctions pursuant to 28 U.S.C. § 1927 (Plaintiff's Opposition ("Pl's Opp'n") at 17) Section 1927 provides for sanctions against persons who multiply the proceedings in any case "unreasonably and vexatiously." 28 U.S.C. § 1927 Plaintiff requests an award equal to the attorneys' fees, costs, and expenses it incurred in opposing Defendant's Motion for Reconsideration. (Pl's Opp'n at 17.) It does not, however, submit any evidence of the amount it seeks

The Court thus DENIES Plaintiff's request for sanctions without prejudice to seeking them as part of a Motion for Attorneys' Fees and Costs.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration and DENIES Plaintiff's request for sanctions.

IT IS SO ORDERED.